Cecil B. HARMON, Plaintiff,

v.

Sean O'KEEFE, Secretary, Department
of the Navy, Defendant.

Civ. A. No. 2:92cv414.

United States District Court,
E.D. Virginia,
Norfolk Division.

May 27, 1993.

John L. Bauserman, Jr., Tidewater Legal
Aid Soc., Va. Beach, VA, for plaintiff.

Susan L. Watt, U.S. Atty., Norfolk, VA, for
defendant.

## OPINION and ORDER

DOUMAR, District Judge.

This matter comes before the court on the motion of defendant, Sean O'Keefe, for sanctions against plaintiff, Cecil B. Harmon, pursuant to Federal Rule of Civil Procedure 11.[1]

## BACKGROUND

Plaintiff, a black male, was hired by the Department of the Navy ("Navy") on September 9, 1985, as an Electronics Engineer at the GS–5 level, and promoted to the GS–7 level in June of 1986. Plaintiff's employment with the Navy ceased on March 22, 1991. Plaintiff asserts that between 1986 and 1991 he suffered unlawful discriminatory treatment at the hands of his supervisors which caused him to file this *pro se* complaint June 4, 1992. The complaint, brought pursuant to 42 U.S.C. § 2000e–16(c), presents three types of claims: first, denial of promotion due to discrimination based on race, national origin, sex, and religion; second, unlawful reprisal for filing an Equal Employment Op-

---

1. In January of 1993, approximately half a year after commencing this lawsuit and two weeks prior to trial, plaintiff retained attorney John L. Bauserman, Jr., to represent him in this matter. There has been no suggestion of impropriety in Bauserman's handling of this matter, and defendant has not requested that sanctions be imposed on Bauserman.

portunity Commission charge; and, third, constructive discharge.

On October 30, 1992, defendant moved this court to dismiss plaintiff's complaint. By Order of December 17, 1992, this court partially granted defendant's motion to dismiss. In so doing, the court dismissed plaintiff's claims of discrimination based on sex and religion and plaintiff's claim of reprisal insofar as it is based on 5 U.S.C. § 7116.[2] This court refused to address the remaining issues raised by defendant's motion to dismiss. Rather, the court converted the motion into one for summary judgment and gave both parties additional time to submit any material appropriate for consideration on a motion for summary judgment.

By Order of January 29, 1993, this court partially granted defendant's motion for summary judgment. Specifically, this court dismissed plaintiff's claims of constructive discharge, national origin discrimination, racially discriminatory nonpromotion in 1990, and all but one of plaintiff's claims of unlawful reprisal. Plaintiff's claim of unlawful reprisal due to denial of a compressed work schedule and claims of racially discriminatory nonpromotion in 1987, 1988, 1989 and 1991 survived the motion for summary judgment.

On February 8, 1993, this case was tried before this court sitting without a jury. Plaintiff proceeded only on his claim of racially discriminatory nonpromotion in 1987, 1988, 1989 and 1991, having withdrawn his claim of unlawful reprisal prior to presenting any evidence. At the close of plaintiff's case, defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).[3] This court ruled that plaintiff's claim of discriminatory nonpromotion in 1987 was not properly before the court as plaintiff had failed to exhaust his administrative remedies concerning that claim. As to plaintiff's claims concerning 1988, 1989 and 1991, the court noted that plaintiff had failed to establish a prima facie case of discriminatory nonpromotion under *Wright v. National Archives & Records Serv.*, 609 F.2d 702, 714 (4th Cir.1979), because there was no evidence that plaintiff was qualified for the position to which he sought promotion. Out of an abundance of caution, however, the court reserved ruling on defendant's motion for judgment as a matter of law and required defendant to present evidence.

During the course of defendant's case in chief it became clear that defendant had established a legitimate nondiscriminatory reason for not promoting plaintiff: plaintiff had been performing his job unsatisfactorily. Accordingly, the court interrupted defendant's direct examination of a witness and directed plaintiff to proceed with cross examination. The court advised plaintiff that failure to establish pretext would be fatal to his case in light of the evidence already before the court.[4] After completing his cross examination of defendant's witness, plaintiff submitted the case to the court for decision.

The court granted defendant judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on all of plaintiff's surviving claims. Specifically, the court found as a matter of fact that there was no evidence indicating that plaintiff was qualified to fill the position to which he sought promotion.[5] As such, plaintiff failed to establish a prima facie case of discriminatory nonpromotion under *Wright v. National Archives & Records Serv.*, 609 F.2d 702, 714 (4th Cir. 1979). Furthermore, the court found that plaintiff did not perform adequately in the position he held. Finally, the court found no

---

2. The court also dismissed plaintiff's claim for punitive damages.

3. Rule 50(a) addresses judgment as a matter of law in cases tried by a jury. Federal Rule of Civil Procedure 52(c) addresses judgment on partial findings during bench trials. Although this matter was tried by the court sitting without a jury, defendant's motion was made pursuant to Rule 50(a) and analyzed by the court as a motion for judgment as a matter of law pursuant to Rule 50(a).

4. It is settled law that if the defendant establishes a legitimate non-discriminatory reason for not promoting the plaintiff, the "the burden of production shifts back to the plaintiff to show that the reason articulated by [the defendant] was merely a pretext for discrimination." *McNairn v. Sullivan*, 929 F.2d 974, 978 (4th Cir.1991).

5. On the other hand, defendant presented overwhelming evidence that plaintiff was not qualified for the position he sought.

evidence of discrimination and no evidence that defendant's stated reasons for not promoting plaintiff were pretextual.

Concluding that this case should never have been brought, the court invited defendant to seek an award of attorney's fees against plaintiff if defendant so desired. Defendant has submitted his Application for Attorney's Fees and supporting materials. Plaintiff has indicated his opposition to defendant's request by filing Plaintiff's Answer to Defendant's Application for Attorney's Fees. Accordingly, the issue of attorney's fees is ripe for decision.

## ANALYSIS

### 1. *Rule 11 Violation*

Defendant bases his request for an award of attorney's fees against plaintiff Cecil B. Harmon on Federal Rule of Civil Procedure 11. In relevant part, Rule 11 states:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses in-

curred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

On its face, Rule 11 applies to both represented and unrepresented parties. *See Business Guides v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 551, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991) ("[Rule 11] imposes on any party who signs a pleading, motion or other paper ... an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing...."). Moreover, sanctions are mandatory when a pleading, motion, or other paper is filed which fails to satisfy Rule 11's certification standard. *Cf. Cleveland Demolition Co. v. Azcon Scrap Corp.,* 827 F.2d 984, 987 (4th Cir.1987).

■ The basic requirement of Rule 11 is that an unrepresented party or a represented party's attorney conduct a prefiling investigation of law and fact which is objectively reasonable under the circumstances. *See Brubaker v. City of Richmond,* 943 F.2d 1363, 1373 (4th Cir.1991); *see also Business Guides,* 498 U.S. at 551, 111 S.Ct. at 933. In *Brubaker v. City of Richmond,* the Fourth Circuit provided standards by which the reasonableness of both the prefiling factual investigation and the prefiling legal investigation can be judged. *See* 943 F.2d at 1373. The *Brubaker* court stated that "[t]o be reasonable, the prefiling factual investigation must uncover some information to support the allegations in the complaint." *Id.* As to the prefiling legal investigation, Rule 11 is violated "where the complaint has 'absolutely no chance of success under the existing precedent.'" *Id.* (quoting *Cleveland Demolition Co.,* 827 F.2d at 988).

■ Even taking into consideration plaintiff's *pro se* status, virtually every claim presented in plaintiff's complaint demonstrates plaintiff's failure to conduct a reasonable prefiling investigation of either fact or law. A reasonable prefiling investigation of law would have revealed to plaintiff that his claim of constructive discharge and all but one of his claims of unlawful reprisal[6] had "absolutely no chance of success under existing precedent" because plaintiff had not exhaust-

---

**6.** The remaining reprisal claim was dismissed by plaintiff at trial on February 8, 1993.

ed his administrative remedies as to those claims. *See* Order of Jan. 29, 1993, at 4–5, 7–9. Accordingly, plaintiff's constructive discharge claim and all but one of plaintiff's unlawful reprisal claims were submitted in violation of Rule 11's requirement to conduct a reasonable prefiling investigation of law.

Similarly, plaintiff's claims of discriminatory nonpromotion in 1987, 1988, 1989, 1990 and 1991—whether based on sex, religion, national origin or race—demonstrate plaintiff's failure to conduct a reasonable prefiling investigation. A reasonable prefiling investigation would have revealed to plaintiff that his claim of nonpromotion in 1987 had "absolutely no chance of success" because he had not exhausted his administrative remedies concerning this claim. *See* Order of Jan. 29, 1993, at 4–5 (discussing requirement that federal employee exhaust administrative remedies prior to bringing suit on claims of employment discrimination). Therefore, plaintiff's submission of his claim of nonpromotion concerning the year 1987 violated Rule 11's requirement to conduct a reasonable investigation of law.

There is no indication that plaintiff's prefiling investigation of fact uncovered any information in support of his claims of discriminatory nonpromotion in 1988, 1989, 1990 or 1991. This court granted summary judgment dismissing plaintiff's claim of nonpromotion in 1990. *See* Order of Jan. 29, 1993, at 10. Plaintiff's claim of nonpromotion in 1990 was dismissed because plaintiff failed to present any evidence that he qualified for promotion in that year—a crucial element of a prima facie case of discriminatory nonpromotion. *See, e.g., Wright v. National Archives & Records Serv.,* 609 F.2d 702, 714 (4th Cir.1979).

At the end of the trial in this case, this court entered judgment for defendant as to plaintiff's claims of nonpromotion in 1988, 1989 and 1991. This court found as a fact that there had been no direct evidence of discrimination. The court also found as a fact that plaintiff had failed to present any evidence that he was qualified for the position to which he sought promotion and, therefore, had failed to establish a prima facie case under *Wright.* In sum, plaintiff

presented claims of discriminatory nonpromotion in 1988, 1989, 1990 and 1991 without presenting any evidence whatsoever that he was qualified for the position to which he sought promotion. Thus, plaintiff violated Rule 11's requirement of conducting a reasonable prefiling investigation of fact by submitting his claims of nonpromotion concerning the years 1988, 1989, 1990 and 1991.

To summarize, every claim presented by plaintiff in his complaint except one reprisal claim was submitted in violation of Federal Rule of Civil Procedure 11. Although the court does not intend to indicate that the reprisal claim had any merit, plaintiff withdrew the claim before presenting any evidence at trial. Accordingly, the court has been deprived of the opportunity to determine whether plaintiff had any information whatsoever to support the reprisal claim.

### 2. *Appropriate Sanction*

■ Rule 11 sanctions serve many purposes, including punishing the violating party, compensating the victim of the violation, and, most importantly, deterring future violations. *In re Kunstler,* 914 F.2d 505, 522 (4th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991). A district court should strive to impose "the least severe sanction adequate to serve the purposes of Rule 11." *Id.* (citing *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987)). To guide a court in determining an appropriate sanction, the Fourth Circuit has identified four factors which should be considered: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." *In re Kunstler,* 914 F.2d at 523 (citing *White v. General Motors Corp.,* 908 F.2d 675 (10th Cir.1990)).

Taking the factors in the order stated by the Fourth Circuit, the first issue is the reasonableness of defendant's attorney's fees. Defendant seeks to recover a total of $7,446.95: $396.95 in costs and $7,050.00 in attorney's fees for 70½ hours at $100.00 per hour. In support of these figures, defendant has submitted an Itemization of Bill of Costs and a Declaration in Support executed by the

Assistant United States Attorney who handled this case. Defendant, in his Application for Attorney's Fees, also provided a statement describing how each of the 70½ hours were spent: 3 hours preparing defendant's answer; 2 hours preparing discovery requests and attending the initial pretrial conference; 2½ hours preparing for and conducting a deposition of plaintiff; 10 hours preparing defendant's October 30, 1992, Motion to Dismiss and Rebuttal Brief in Support of Motion to Dismiss; 1 hour preparing defendant's December 17, 1992, Response to Motion for Judgment by Default; 3 hours preparing defendant's December 31, 1992, Motion for Summary Judgment; 5 hours preparing the Order on Final Pretrial Conference and attending the final pretrial conference; 3 hours preparing for and attending the January 25, 1993, hearing on defendant's motion for summary judgment; 35 hours preparing for trial; and 6 hours in trial.

Defendant incurred all of the identified costs and expended all of the stated hours in response to plaintiff's complaint. Of course, "[o]nly attorney time which is in response to that which has been sanctioned should be evaluated." *In re Kunstler,* 914 F.2d at 523. All of the claims in the complaint except one reprisal claim were submitted in violation of Rule 11 and are the basis for the sanction to be imposed on plaintiff. The single non-violating claim was separately but briefly addressed in the defendant's Memorandum in Support of the Motion for Summary Judgment. No more than half an hour can be fairly attributed to this single non-violating claim. Subtracting that half hour from the 70½ hours expended by defendant leaves a total of 70 hours. The court finds that $396.95 in costs and 70 hours of attorney's time was spent on defendant's behalf as a result of that part of plaintiff's complaint which forms the basis for imposition of a sanction in this case. The court further finds that $7,396.95—$396.95 in costs and $7,000.00 in attorney's fees [7]—is reasonable in this case.

The second factor, minimum to deter, and the third factor, ability to pay, cannot be considered in isolation in this case. The focus of the second factor is on the "amount reasonably necessary to deter the wrongdoer." *In re Kunstler,* 914 F.2d at 524 (quoting *White,* 908 F.2d at 684–685). The minimum sanction adequate to deter the wrongdoer from future violations obviously may vary with the financial resources of the wrongdoer. The financial resources of the wrongdoer also clearly impact on his or her ability to pay a sanction.

Plaintiff executed and filed an affidavit concerning his financial situation. *See* Harmon Aff. of Mar. 3, 1993. That affidavit reflects that plaintiff has been unemployed since leaving his position with the Navy in 1991 with the exception of the period from May 7, 1991, to approximately October of 1991 during which he secured temporary employment. *See id.* at ¶¶ 1, 6, 7, 10. Unless reapproved for unemployment benefits, plaintiff anticipates having no household income in the foreseeable future except food stamps and his wife's wages of approximately $200.00 biweekly. *See id.* at ¶¶ 12–14, 24, 25. Moreover, plaintiff reports having no checking account and only $7.00 in his savings account. *Id.* at ¶ 15. Finally, plaintiff claims that unless he obtains employment, his household expenses will exceed his household income each month. *Id.* at ¶ 25.

Turning to the second factor, it appears that given plaintiff's limited financial resources sanctions in the amount of $7,396.95 would be more than sufficient to deter future abuse of the litigation system. In regards to calculating the *minimum* amount necessary to deter future abuse, the court notes that on June 4, 1992—after having been unemployed for approximately eight months—plaintiff paid $120.00 to have this case filed. The court further notes that plaintiff expended considerable time and effort in the prosecution of this case including the time spent personally preparing various legal memoranda as well as participating in conferences, a deposition, a hearing and trial. This commitment of money, time and energy demonstrates the value plaintiff attached to this case. Having expended so much money, time and energy, plaintiff clearly believed

---

7. Seventy hours at $100 per hour.

this meritless case was worth a significant amount of money. The court concludes, therefore, that the minimum sanction necessary to deter plaintiff from committing future violations of Rule 11 by filing equally meritless cases is $500.00.

When considering the third factor, this court must, of course, avoid "imposing a monetary award so great it will bankrupt the offending part[y]." *In re Kunstler*, 914 F.2d at 524. In this case it appears plaintiff would be unable to pay anymore than a nominal amount at any one time. Plaintiff would, however, be able to make a payment of $20.00 per month, although he may have to reduce some other element of his monthly expenses to do so. At $20.00 per month, plaintiff could pay a $500.00 sanction in 25 months.

The fourth factor identified by the Fourth Circuit is actually a collection of factors which relate to the severity of the Rule 11 violation. Specifically, "the court may consider factors such as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate...." *In re Kunstler*, 914 F.2d at 524–25 (*White*, 908 F.2d at 985). In this case, Harmon, a *pro se* plaintiff, committed the Rule 11 violation without malice or bad faith. On the other hand, the Rule 11 violation was extensive, involving all but one of the many claims presented in plaintiff's complaint. Given the facts of this case, there exists little risk of chilling the type of litigation involved—minimal prefiling investigation would have revealed that each of plaintiff's violative claims were either legally or factually unfounded. On the whole, these considerations do not suggest that a sanction appropriate in light of the first three factors should be increased or decreased due to the severity of the violation.

Accordingly, this court concludes that a sanction in the amount of $500.00 is the minimum sanction adequate to accomplish the purposes of Rule 11. Furthermore, a $500.00 sanction paid in monthly installments of $20.00 per month is appropriate in light of the four factors identified by the Fourth Circuit in *In re Kunstler*, 914 F.2d at 523.

## CONCLUSION

For the reasons stated above, the court GRANTS the motion of defendant Sean O'Keefe, Secretary of the Department of the Navy, to impose sanctions on plaintiff Cecil B. Harmon. The court ORDERS plaintiff Cecil B. Harmon to pay a sanction in the amount of $500.00 for violating Federal Rule of Civil Procedure 11. The Court ADVISES plaintiff Cecil B. Harmon that he may pay the $500.00 in consecutive monthly installments beginning in June of 1993, but ORDERS plaintiff Cecil B. Harmon to make each such monthly installments in the form of a check payable to the United States Treasurer for $20.00 or more which is to be submitted to the Clerk of the United States District Court, United States Courthouse, Granby Street, Norfolk, Virginia 23510.

The clerk is DIRECTED to retain this case on the docket until such time as plaintiff has paid the entire sanction of $500.00 imposed by this order. The clerk is further DIRECTED to send a copy of this order to counsel for plaintiff and counsel for defendant.

IT IS SO ORDERED.