**Doretha C. MYERS, Plaintiff,**

v.

**AMERICA'S SERVICING COMPANY, Defendant.**

**ACTION No. 2:04CV429.**

United States District Court,
E.D. Virginia,
Norfolk Division.

March 11, 2005.

William P. Robinson, Jr., Esquire, Robinson, Neeley & Anderson, Norfolk, VA, for Plaintiff.

Emmanuel D. Voces, Esquire, Robert E. Frazier, Esquire, Samuel I. White PC, Virginia Beach, VA, for Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on the motion of defendant, America's Servicing Company, for sanctions against plaintiff, Doretha Myers, pursuant to Rule 11 of the Federal Rules of Civil Procedure, and on the court's Order to Show Cause issued to plaintiff on January 5, 2005. For the reasons stated below, the court **GRANTS** defendant's motion for sanctions and **DISMISSES** the show cause order.

### I. Factual and Procedural History

This case has a long and protracted history in the courts. In September 1999, the plaintiff, Doretha C. Myers, purchased a home in Portsmouth, Virginia, by taking out a mortgage with an unknown lender. In 1997, the plaintiff refinanced the home and the mortgage was sold multiple times until defendant, America's Servicing Company, bought the mortgage in 2002. Myers apparently had difficulty paying the mortgage during this time. Between March 30, 1999, and July 26, 2004, Myers or her husband, Lenard Myers, filed ten Chapter 13 bankruptcy petitions. All but the last one were dismissed for failing to file required plans and schedules with the bankruptcy court. Because of these bankruptcy petitions, five foreclosure sales on the home were cancelled. When another foreclosure sale was scheduled for July 27, 2004, the plaintiff filed suit in this court on July 16, 2004, and one in the Circuit Court of Portsmouth, Virginia, on July 23, 2004. The plaintiff also filed yet another Chapter 13 bankruptcy proceeding on July 26, 2004.

The defendant filed a motion to dismiss on August 24, 2004. The court granted the motion in an Opinion and Dismissal Order dated November 5, 2004. On August 25, 2004, the defendant sent to the plaintiff a copy of its motion for Rule 11 sanctions. The defendant filed the motion on September 21, 2004. In anticipation of the motion

for sanctions and in response to defendant's motion to dismiss, the plaintiff filed on September 20, 2004, "Plaintiff's Response to Defendant's Motions to Dismiss and Sanctions/Plaintiff's Amended Bill of Complaint." The defendant did not reply to the filing.

In an Opinion and Order dated November 9, 2004, the court found that Myers' pleadings violated Rule 11 of the Federal Rules of Civil Procedure. In particular, the court found that the plaintiff's claims were wholly without merit and had no basis in law or fact. Any inquiry by the plaintiff would have revealed that her complaint lacked a cause of action. The plaintiff's claims were wholly frivolous. She asked the court to review her administrative remedy, yet she was never involved in an administrative procedure. She asserted claims of res judicata, judicial estoppel, and stare decisis, which do not state a cause of action. She attempted to create a pleading by using the legal terms nonsensically. Her final claim, a contract claim, involved a contract she fabricated whereby her name was "copyrighted" and every time the defendant used it the defendant owed her $500,000. According to the plaintiff, the defendant agreed to the contract when the defendant later used her name in a collection letter.

In addition, the court found her pleadings to be indicative of an improper purpose. Doretha and Lenard Myers repeatedly filed lawsuits or instituted proceedings in federal and state court when there was a foreclosure sale scheduled for their property. The instant lawsuit was filed seven days before a foreclosure sale was scheduled for the property. A suit to set aside the foreclosure based upon the same facts and law as presented in the instant suit was filed in state court the day of the foreclosure, and a Chapter 13 bankruptcy court proceeding was instituted three days later to nullify the foreclosure. The plaintiff instituted proceedings in this and other courts for the improper purpose of delaying the foreclosure sale.

While the court decided in its Opinion and Order of November 9, 2004, that the plaintiff was subject to sanctions under Rule 11, the court was unable to determine an amount of sanctions at that time. Because

the primary purpose of Rule 11 is to deter future litigation abuse, *see In re Kunstler*, 914 F.2d 505, 522–23 (4th Cir.1990), the court is required impose the least severe sanction that fulfills the purpose of Rule 11. *See Harmon v. O'Keefe*, 149 F.R.D. 114, 117 (E.D.Va.1993). It is necessary for the court in imposing sanctions to look at the violator's ability to pay. Accordingly, in the court's November 9, 2004, Opinion and Order, the court ordered the plaintiff to "submit a statement of financial condition within thirty (30) days of the date of th[e] Opinion and Order."

Plaintiff failed to file a statement of financial condition as required by the court. Accordingly, on January 5, 2005, the court entered a Show Cause Order, ordering plaintiff to appear on January 20, 2005, at 10:00 a.m., to show cause why she should not be held in contempt for failure to comply with the court's Opinion and Order of November 9, 2004, to submit a statement of financial condition. Plaintiff failed to appear at the January 20, 2005, show cause hearing. Her husband called the clerk's office at approximately 10:30 a.m. to say that they would not be coming because the plaintiff had a doctor's appointment. Upon her failure to appear, the court issued an arrest warrant and the show cause hearing was reset for Thursday, February 10, 2005, at 11:00 a.m. Plaintiff was arrested on January 24, 2005, and was released on a $3,000 surety bond. Plaintiff hired attorney William P. Robinson to represent her at the bond hearing.

The day before the February 10, 2005, show cause hearing, Mr. Robinson called the court to state that he was now representing Ms. Myers on the show cause and sanctions proceedings, but that he would be unable to attend the February 10, 2005, hearing because of a trial in state court. He then filed a motion (subject to defect) to that effect. A photocopy of a financial statement was also sent to the clerk's office; it was not filed as it did not contain an original signature. The court convened for the show cause hearing at 10:00 a.m. on February 10, 2005. Plaintiff was present. The court informed plaintiff that she needed to file an accurate financial statement with an original signature. The hearing was continued until March 1, 2005, at 4:00 p.m., so that Mr. Robinson could attend.

On March 1, 2005, the show cause hearing was held. Plaintiff appeared at the hearing and was represented by Mr. Robinson. At the hearing, plaintiff filed a sworn statement of financial condition and testified under oath to its accuracy. While the plaintiff was extremely late in filing the statement of financial condition, the court **DISMISSED** the show cause order pending against the plaintiff. Defendant filed in open court a revised affidavit of attorney's fees and costs. The matter is now ripe for the court to determine an appropriate sanction for the Rule 11 violations.

## II. Analysis

■ To aid courts in fashioning appropriate sanctions, the Fourth Circuit has identified four factors courts should consider when imposing Rule 11 sanctions: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors relating to the severity of the Rule 11 violation." *In re Kunstler*, 914 F.2d at 523.

■ At the March 1, 2005, show cause hearing, defendant submitted an affidavit detailing attorney's fees. Defense counsel has spent 10.65 hours on the case at a rate of $175.00 per hour; thus, defendant has incurred attorney's fees of $1,863.75. At the March 1, 2005, hearing, plaintiff's counsel represented to the court that the plaintiff agreed the attorney's fees were reasonable. In determining both the reasonable rate and the reasonable number of hours expended, the court must consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (1974).[1] In light

---

1. In determining the reasonable rate and reasonable hours expended, courts should consider the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal service rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained;

of the twelve factors and the time log submitted by defense counsel, the court finds $1,863.75 in attorney's fees to be reasonable.

The minimum sanction necessary to deter future Rule 11 violations and the plaintiff's ability to pay are closely related. The minimum amount necessary to deter undesirable litigation conduct will often vary based on the financial condition wrongdoer. *See Harmon* 149 F.R.D. at 118. The plaintiff currently has $37,907 in total assets, of which $30,197 is cash being held by the Portsmouth Circuit Court. Plaintiff has no debts. Further, the court must consider the severity of the Rule 11 violation. The plaintiff's complaint was utterly frivolous. Additionally, as detailed in Part I, the plaintiff's filings are indicative of an improper purpose. The plaintiff and her husband are serial filers of frivolous and harassing lawsuits.

In considering the minimum amount necessary to deter future litigation abuse, and the severity of plaintiff's Rule 11 violation, the court levies sanctions as follows: attorney's fees in the amount of $1,863.75, to be paid directly to counsel for defendant, and $1,000.00 to be paid to the court through the Clerk's office. Said monetary sanctions are to be paid within thirty (30) days of the date of this Opinion and Order. It appears that these monetary sanctions, coupled with the court's pre-filing injunction imposed in its November 9, 2004, Opinion and Order, are sufficient to deter future litigation abuse by plaintiff. This is the minimum sanction adequate to satisfy the purposes of Rule 11.

### III. Conclusion

For the reasons stated above, the court **GRANTS** defendant's motion for Rule 11 sanctions. The court **ORDERS** plaintiff, within thirty (30) days, to pay the defendant $1,863.75 for attorney's fees and to pay the court $1,000.00 as a sanction for plaintiff's violations. If not fully paid within this thirty-day time period, plaintiff is subject to another show cause order, and interest pursuant to 28 U.S.C. § 1961 shall begin to accrue. Plaintiff is **ADVISED** that she is still subject to a pre-filing injunction as detailed in the court's November 9, 2004, Opinion and Order. For the reasons stated above, the show cause order is **DISMISSED.**

The Clerk is directed to send a copy of this Opinion and Order to plaintiff and to counsel for the plaintiff and defendant.

**IT IS SO ORDERED.**

(9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and, (12) attorney's fees awards in similar cases. *See Johnson,* 488 F.2d at 717–19.