**VERIZON COMMUNICATIONS, INC.,
a Delaware corporation, Plaintiff,**

v.

**NORTHPOINT COMMUNICATIONS
GROUP, INC, a Delaware corpo-
ration, et al., Defendants.**

Civ.A. No. 01–63–GMS.

United States District Court,
D. Delaware.

April 18, 2001.

_____

***ORDER***

SLEET, District Judge.

On February 2, 2001, the defendant,
NorthPoint Communications Group, Inc.

and NorthPoint Communications, Inc. (col-
lectively "NorthPoint"), filed a notice of
removal from the Delaware Superior
Court pursuant to 28 U.S.C. § 1452
(D.I.1). The plaintiff, Verizon Communi-
cations, Inc. ("Verizon"), filed a motion to
remand on February 9, 2001 (D.I.3). The
court scheduled an initial conference pur-
suant to Local Rule 16.2(a) for April 17,
2001, at 11:00 a.m. to discuss the case and
the pending motion (D.I.7).

On February 22, 2001, NorthPoint in-
formed the court that the United States
Bankruptcy Court for the Northern Dis-
trict of California issued two orders re-
manding a case involving the parties to the
Superior Court of California and denying
Verizon's motion for relief from the auto-
matic stay pursuant to 11 U.S.C. § 362(a)
(D.I.8). NorthPoint also filed a Notice of
Bankruptcy Stay in this action. The notice
advised the court that the automatic stay
"operates as a stay of any continuation of a
judicial action or proceeding against
NorthPoint[, and that the] stay applies to
all entities, including all courts." *Id.*

Notwithstanding the automatic stay, on
February 26, 2001, the parties entered into
a stipulation regarding Verizon's motion to
remand and the timing of NorthPoint's
opposition (D.I.9). In the stipulation, the
parties agreed that (1) Verizon would in-
form NorthPoint whether it intended to
pursue its motion to remand, (2) any hear-
ing on the motion to remand would be
deferred until NorthPoint's opposition was
due, and (3) NorthPoint would file its op-
position to the motion to remand on or
before March 12, 2001. The stipulation
was submitted for the court's approval.
The court approved the stipulation on
March 5, 2001. Next, the parties submit-
ted a second stipulation on March 8, 2001,
which asked the court to (1) hold Verizon's
motion to remand in abeyance until the
end of the automatic stay, (2) allow the
parties to agree on a "reasonable briefing

schedule" on the motion to remand when the automatic stay is lifted, and (3) defer any hearing on the motion to remand (D.I.10). The court never issued the requested order.[1] Prior to April 17, 2001, neither party contacted the court regarding the second stipulation, nor gave notice that it would not or could not participate in the scheduled conference. On April 17, 2001, neither party appeared at the conference. When the court attempted to contact the parties, it was informed that they considered the matter "stayed".

The court does not understand the position the parties appear to have taken. First, NorthPoint and Verizon entered into stipulations which contemplated action by both the court and the parties subsequent to the imposition of the automatic stay. Not only did the first stipulation establish a time frame for Verizon to consider withdrawing its motion, it also gave North-Point additional time to respond to the pending motion. Second, the parties requested that the court hold Verizon's motion to remand "in abeyance" until the stay terminates. If the parties believed that the stay also applied to the motion to remand, it would be illogical for them to request that the court not rule on it. Third, NorthPoint filed for Chapter 11 protection on January 16, 2001, triggering the automatic stay provision of 11 U.S.C. § 362. NorthPoint removed this case from the Delaware Superior Court on February 2, 2001 and Verizon filed its motion to remand on February 8, 2001. Since both of these actions postdated the Chapter 11 filing and the imposition of the automatic stay, the court questions their

propriety. *Cf. Cacioppe v. Superior Holsteins III, Ltd.,* 650 F.Supp. 607, 609 (S.D.Tex.1986) (holding that where Chapter 11 petition was filed before state court petition, "applicable bankruptcy stay" prevented removal under 28 U.S.C. § 1441).

In a case whose procedural posture is analogous to the instant matter,[2] the United States District Court for the Northern District of Illinois stated:

> Hemex [the defendant] contends initially that since it has filed for bankruptcy, there is an automatic stay pursuant to section 362 of the Bankruptcy Code (11 U.S.C. § 362), and therefore, this court is barred from remanding the case to the state court. The court rejects Hemex's contention. First, Hemex cites no authority for its contention. Second, Hemex's reliance on the automatic stay apparently did not prevent Hemex from removing Baxter's [the plaintiff] state court action to this court. Last, Hemex's contention runs counter to the plain meaning of 28 U.S.C. §§ 1334, 1452 which provide abstention from or remand of state court actions related to title 11 proceedings.

*Baxter Healthcare Co. v. Hemex Liquidation Trust,* 132 B.R. 863, 867 (N.D.Ill. 1991) (internal citations omitted). As in *Baxter,* NorthPoint's February 22, 2001 letter does not provide support for what may be an implicit argument that the court is prevented from deciding the motion to remand. Furthermore, NorthPoint, like Hemex, appears to have removed this case from state court in spite of the automatic stay that presumably went into effect on January 16, 2001. Therefore, it would

---

1. As will become clear below, rather than simply signing the proposed order, the court intended to discuss the stipulation and the case in general with the parties at the April 17, 2001 conference.

2. Unlike the present action, the defendants removed the case from state court and then

took the position that 11 U.S.C. § 362 prevented the court from remanding it to state court. Although this case presents the issue of whether NorthPoint (the plaintiff) can rely on the automatic stay, the court's discussion is logically similar.

seem that the court, like the *Baxter* court, may address the pending motion to remand.

The court intended to discuss these issues with the parties at the April 17, 2001 conference. Unfortunately, both of the parties apparently decided to ignore the scheduling order the court issued in contemplation of the conference. Although the parties may have convinced the court that it should not or could not rule on the pending motion in light of the recent developments in the case, the court is unable to benefit from their insights. At minimum, the parties should have contacted the court to determine whether the April 17, 2001 conference was still on its schedule.

As noted earlier, the court does not understand the position or the conduct of the parties. Although it does not wish to unduly penalize NorthPoint for its conduct or reward Verizon for its behavior, the court will grant Verizon's motion to remand.[3] *See* 28 U.S.C. 1452(b) (stating that court may remand bankruptcy case removed from another court "on any equitable ground"). First, NorthPoint's answering brief was due on March 12, 2001, but it has not submitted anything to the court. Although the parties stipulated that briefing would follow a later-agreed upon schedule, the court never granted any such extension. Therefore, it considers Verizon's motion unopposed. Second, the court is unsure whether NorthPoint's notice of removal was proper since it was filed with the court after the imposition of the automatic stay. Remanding the case may undo what was, perhaps, improperly done. Third, the court does not believe that NorthPoint will be prejudiced by its decision. Under the automatic stay, the court believes that the case cannot proceed in the Delaware Superior Court. Once the automatic stay is lifted or otherwise terminated, NorthPoint can again attempt to remove the state action to this court. At that time, the court will address the merits of any motion to remand that Verizon may wish to file.

Therefore, IT IS HEREBY ORDERED that:

1. Verizon's motion to remand (D.I.3) is GRANTED.

2. NorthPoint may file a second notice of removal when, and if, the automatic stay is lifted, suspended, or otherwise terminated with regard to this action.

---

3. According to the terms of the first stipulation, Verizon was to inform NorthPoint whether it intended to pursue its motion to remand. Although the parties may have discussed the motion and decided either to discontinue briefing or to withdraw the motion, the court was not informed of any such agreement. Therefore, it considers Verizon's motion to remand pending.