**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDLEY CONTOURS, LLC, | No. 09-35643 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-06408-TC |
| and | |
| NORMAN LINDLEY, | MEMORANDUM [*] |
| Plaintiff, | |
| v. | |
| AABB FITNESS HOLDINGS, INC., FKA Countours Express, Inc.; CONTOURS EXPRESS, LLC; THOMAS D. CHRISTOPOUL; WILLIAM G. HELTON, Jr.; PAUL M. MCNICOL; ANDREW RUSSELL; MAYO S. STUNTZ, Jr.; DARREN CARTER; MICHAEL WIDENER; CLINTON C. COOPER; PILOT GROUP LLC; PILOT GROUP L.P.; PGCE, INC., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted December 9, 2010
Seattle, Washington

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and MOSKOWITZ, District Judge.[**]

Lindley Contours, LLC, appeals from the district court's judgment dismissing the action because all claims are subject to arbitration. We have an obligation to consider *sua sponte* whether we have subject matter jurisdiction, *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004), and finding that subject matter jurisdiction has not been established, we vacate the district court's judgment and remand.

This case was originally filed in the Circuit Court of the State of Oregon for Douglas County. Appellees removed the action to the district court pursuant to 28 U.S.C. § 1441, alleging that diversity of citizenship conferred subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) on the district court. Plaintiff-Appellant is an Oregon citizen, and Appellees assert that Defendants-Appellees are citizens

---

[**] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

of other states.  Two of the thirteen Defendants-Appellees are limited liability corporations, and one is a limited partnership. [1]

There is a "strong presumption against removal jurisdiction," and the removing party has the burden of establishing that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  For purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens, and a limited liability corporation is a citizen of all of the states of which its owners/members are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Appellees' notice of removal fails to state the citizenship of the partners and members of defendants Pilot Group

---

[1] One Defendant-Appellee, Clinton Cooper, filed a Chapter 7 petition in bankruptcy shortly before oral argument.  Pursuant to the automatic stay provision of 11 U.S.C. § 362(a)(1), this filing stays the "continuation" of judicial proceedings against the debtor.

However, because we find that subject matter jurisdiction is lacking and do not reach the merits of Appellant's claims, we need not retain jurisdiction over Mr. Cooper pursuant to the automatic stay provision of § 362.  *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding that the automatic stay is not violated when deciding a motion to dismiss as long as the determination regarding dismissal does not involve the merits of the case).  Our decision has no impact on the debtor's assets, does not impact the relative position of creditors, and would not interrupt debtor's "breathing spell" and thus does not conflict with the purposes of the automatic stay.  *C.f. Indep. Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992).  We therefore find that a decision remanding to the district court with instructions to remand to the state court for lack of jurisdiction is not a prohibited "continuation" of the action under § 362.  *See MTGLQ Investors, L.P. v. Guire*, 286 F. Supp. 2d 561, 563 (D. Md. 2003).  Thus, our decision fully applies to the action against Mr. Cooper.

3

L.P., Pilot Group GP LLC[2], and Contours Express, LLC, and thus, Appellees have failed to satisfy their burden to show complete diversity between the parties.

The parties did not inform the district court of this deficiency, and the district court did not address the issue of subject matter jurisdiction *sua sponte*. In a November 29, 2010 Order, we directed the parties to be prepared to discuss at oral argument whether the district court had subject matter jurisdiction over this action. At oral argument, Appellees were unable to identify the citizenship of the members of Pilot Group L.P., Pilot Group GP LLC, and Contours Express, LLC, and were warned that if any of those defendants had partnerships, limited partnerships, or limited liability corporations as members, the citizenship of each individual member of these entities must be alleged (and if these members included partnerships, limited partnerships, or limited liability corporations, the citizenship of each individual member of those entities must be alleged–and so on). After oral argument, we ordered the parties to show cause why this case should not be remanded to the district court with instructions to remand to the state court for lack of subject matter jurisdiction. We again instructed the parties that the citizenship of all members of limited liability corporations and limited partnership defendants had to be alleged.

_____

[2] Appellees contend that "Pilot Group GP LLC" was improperly named in the original state court complaint as "Pilot Group LLC".

In response, Appellees move for leave to file an amended notice of removal in the Ninth Circuit. This motion is granted. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002) ("Under 28 U.S.C § 1653, we have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction."). However, Appellees' amended notice of removal remains deficient. Appellees still do not allege the citizenship of all members of defendant limited partnerships and limited liability corporations. For example, Appellees state that defendant Pilot Group L.P. includes fifteen partners that are themselves limited partnerships or limited liability corporations. For fourteen of these entities, Appellees assert that "none of its members is an Oregon citizen," but do not identify of what state they are a citizen nor whether they are composed of another layer of partnerships. (Dkt #25-2, at 3–4.) In light of Appellees' burden to establish complete diversity, such conclusory statements are insufficient.

Thus, despite several opportunities to correct defects in its notice of removal, Appellees have failed to establish the existence of diversity jurisdiction. Accordingly, we remand to the district court with instructions to vacate all of its orders and remand this case to the Circuit Court of the State of Oregon for Douglas County as required by 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). *See Boren Found. v. HHH Inv. Trust*, 295 Fed. App'x. 151, 152 (9th Cir. 2008) (remanding to district court with instructions to

5

vacate all of its orders and to dismiss the action because of plaintiff's failure to show complete diversity of parties).

**VACATED and REMANDED.**