Dale Edwin SANDERS, Plaintiff,

v.

Stephen R. FARINA, Defendant.

No. 1:14–cv–1214.

United States District Court, E.D. Virginia, Alexandria Division.

Signed Nov. 18, 2014.

John J. O'Donnell, Jr., Alexandria, VA, for Plaintiff.

Stephen R. Farina, Arlington, VA, pro se.

## *ORDER*

T.S. ELLIS, III, District Judge.

At issue in this twice-removed diversity contract case is whether a remand to state court is permissible in the face of the automatic stay resulting from defendant's filing of a Chapter 7 bankruptcy petition. For the reasons stated below, the automatic stay provision does not bar remand, which is necessary in this case, *inter alia,* because the removing defendant is a citizen of the forum state.

## I.

Plaintiff is an attorney residing in the District of Columbia. Defendant is a resident of Virginia. Their dispute arises out of a legal services agreement entered into on January 23, 2013 in which plaintiff agreed to represent defendant in a legal action against defendant's employer for alleged violations of the District of Columbia Human Rights Act. On August 19, 2013, plaintiff filed suit in the Circuit Court for the City of Alexandria alleging that defendant breached this contract by failing to pay plaintiff for legal services rendered and costs advanced. On February 26, 2014, with the trial in state court imminent, defendant, proceeding *pro se,* filed a notice of removal on the basis of diversity. *Sanders v. Farina,* 1:14cv214 (E.D.Va. Feb. 26, 2014) (Notice of Removal). By Order dated March 14, 2014, plaintiff's motion to remand was granted on the ground that, by statute, the case was not removable because defendant was sued in Virginia, his state of residence. *Sanders v. Farina,* 1:14cv214 (E.D.Va. Feb. 26, 2014) (Order); *see* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

On September 12, 2014, following the remand to state court, defendant, still proceeding *pro se,* once again filed a notice of removal stating diversity as the ground for

removal. Plaintiff sought a remand on the same ground that compelled the previous remand. Defendant states that he removed the case the second time ostensibly to "address the Constitutional Issue of a right to Jury trial which is denied me in the Alexandria Circuit Court." Deft.'s Motion to Deny Motion to Remand to State Court. In other words, read charitably, the second removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff argues that this second removal, which was filed "on the eve" of the parties' upcoming trial in state court, "is an unvarnished ploy to obtain a continuance of the trial date and further delay the proceedings in Circuit Court." Pltf.'s Motion to Remand ¶ 7.

On November 6, 2014, only a day before the properly noticed hearing on plaintiff's remand motion, defendant filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. Defendant argues that the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362, bars this court from acting on plaintiff's remand motion. For the reasons that follow, the Section 362 automatic stay does not bar the necessary and appropriate remand to state court.

## II.

■ The bankruptcy code provides that the filing of a petition for bankruptcy "operates as a stay" of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose be-

fore the commencement of the case under this title.

11 U.S.C. § 362(a). By its terms, therefore, the automatic stay applies to any (i) **continuation** of (ii) any action or proceeding commenced before the commencement of the bankruptcy proceedings. As there is no doubt that the action was commenced before defendant filed for bankruptcy, the sole question presented is whether a federal court's remand of the case back to state court constitutes a barred "continuation" of the action. For the reasons that follow, it does not.

First, a remand pursuant to 28 U.S.C. § 1441 does not constitute "commencement or continuation" of an action. In fact, it is quite the opposite; a remand is simply a finding that the court lacks power to hear the case and that the case belongs in another court. *Cf. MTGLQ Investors, L.P. v. Guire,* 286 F.Supp.2d 561, 563 (D.Md.2003) ("[D]ismissing or transferring the case on jurisdictional grounds does not constitute a prohibited 'continuation' of the action under § 362."). Remanding the lawsuit to state court expresses no opinion as to the merits of plaintiff's claim and does not affect the substantive rights of either party.

■ Second, it is clear that applying the automatic stay to a situation requiring a remand does not further the purposes of the automatic stay provision. There is no doubt that the scope of the stay under 11 U.S.C. § 362 is "extremely broad," as it is intended to prevent actions to collect from the debtor or acts that would threaten the debtor's estate. COLLIER ON BANKRUPTCY § 362.03. The stay (i) provides the debtor breathing space by stopping all collection efforts, harassment, and foreclosure actions and (ii) prevents the dissipation of a debtor's assets through multiple suits outside the bankruptcy process. *Winters ex rel. McMahon v. George Mason Bank,* 94

F.3d 130 (4th Cir.1996); *see also* COLLIER ON BANKRUPTCY § 362.03, *citing* H.R.Rep. No. 595, 95th Cong., 2d Sess. 54–55 (1978). As the legislative history reflects, the bankruptcy code's automatic stay is meant to "relieve[ ] [the debtor] of the financial pressures that drove him into bankruptcy." S.Rep. No. 95–989, at 55, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5841. Therefore, because a remand is not an adjudication on the merits, it does not jeopardize or infringe on a debtor's "breathing space" or threaten to deplete the estate against the interests of other creditors. Moreover, a remand does not put either party "in a better or worse position, legally or financially, than the position [they] occupied at the time of removal." *Hudgens v. Deer Valley Home Builders, Inc.,* 1:09–cv–417, 2009 WL 2878052, at *2 (W.D.La. Sept. 4, 2009). A remand simply sends the case back to the proper court, which should promptly enter a stay.

Finally, although the Fourth Circuit has not squarely addressed this issue, federal courts in this circuit and elsewhere have been virtually unanimous in finding that § 362 does not prevent remand of an improperly removed action because remand "is not a prohibited 'continuation' of the action under § 362." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,* 414 Fed.Appx. 62, 63 n. 1 (9th Cir.2011).[1]

The sole outlier in this sizeable body of precedent is *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.,* 04–2780, 2004 WL 2725965, at *2 (W.D.La. Nov. 24, 2004), in which a district court found that the automatic stay precluded it from acting on a request for remand or abstention under 28 U.S.C. §§ 1452(a) and 1334. Because ordering remand or abstention under Sections 1452(a) or 1334 requires the court to "exercise its 'discretion or judgment,' " the *Liljeberg* court held that it did not constitute a mere "ministerial" act against which the automatic stay did not apply. *Id.; see In re Soares,* 107 F.3d 969, 973–74 (1st Cir.1997) (explaining that "ministerial acts ... do not fall within the proscription of the automatic stay"). Clearly, *Liljeberg* is both unpersuasive and distinguishable. It is unpersuasive because its reliance on the ministerial act exception is misguided: The issue is not whether the remand should fall into an exception to Section 362, but rather whether a remand

---

1. *See, e.g., Ward v. Reinheimer,* 13–3174, 2014 WL 346646, at *1 (D.Md. Jan. 28, 2014) (holding that remand does not violate automatic stay provision); *Schaffer v. Atlantic Broad. of Lindwood NJ Ltd. Liab. Co.,* 10–5449, 2011 WL 1884734, at *4 (D.N.J. May 17, 2011) (same); *Evans v. Anderson,* 09–5227, 2010 WL 118398, at *1 (N.D.Cal. Jan. 7, 2010) ("[W]here the district court lacks jurisdiction over the action filed before it the court is not without power to remand the action and the stay does not deprive it of that power."); *Hudgens v. Deer Valley Home Builders, Inc.,* 1:09–417, 2009 WL 2878052, at *2 (finding that the automatic stay did not bar remand and citing cases); *Price v. Chrysler LLC,* 4:09–cv–232, 2009 WL 2208298, at *1 (E.D.Mo. July 23, 2009) ("A ruling on the motion for remand to state court will not disrupt the order of creditors in bankruptcy, or interrupt the breathing period afforded to the Defendant."); *Gallaher v. Waving Leaves, Inc.,* 5:050cv6, 2006 WL 898130, at *2 (N.D.W.V. Apr. 5, 2006) (remanding case despite stay where subject matter jurisdiction was lacking due to defendant's failure to prove an adequate amount in controversy); *Diebel v. S.B. Trucking Co.,* 262 F.Supp.2d 1319, 1333 (M.D.Fla.2003) (holding that the automatic stay "does not leave this court helpless to remand an improperly removed action" (internal quotation omitted)); *County of Cook v. Mellon Stuart Co.,* 812 F.Supp. 793, 798 n. 3 (N.D.Ill.1992) (holding that the stay "do[es] not prevent this court from remanding an improperly removed action"); *Verizon Commc'ns, Inc. v. Northpoint Commc'ns Grp., Inc.,* 262 B.R. 891, 893 (D.Del.2001) (remanding lawsuit notwithstanding automatic stay when defendant removed case after Chapter 11 filing).

is a "continuation" of an action covered by Section 362. For the reasons noted here, and as many courts have found, a remand does not constitute a continuation of a preexisting action. Moreover, a remand under Section 1452(a) is quite unlike a remand pursuant to 28 U.S.C. § 1441; the former may issue "on any equitable ground" whereas the latter is a mandatory consequence of a lack of jurisdiction or because removal was otherwise improper. In summary, the automatic stay does not bar a remand pursuant to 28 U.S.C. § 1441.

### III.

■ As the automatic stay provision does not bar remand, it is necessary to consider whether remand is required. It is. Defendant's removal was improper. Although the parties are diverse and the amount in controversy exceeds $75,000, defendant was sued in his home state and thus has no right to remove the case. 28 U.S.C. § 1441(b)(2). Nor can defendant avoid this result by arguing for removal on another ground—specifically, his alleged constitutional entitlement to a jury trial—when he completely omitted that ground from his notice of removal. *See Muhlenbeck v. KI, LLC,* 304 F.Supp.2d 797, 801 (E.D.Va.2004) ("If a ground for removal was omitted completely, then the court has no discretion to permit amendment ... and must remand the case to state court."). Moreover, both the original unsuccessful removal and the instant one are untimely: 28 U.S.C. § 1446(b) states that the notice of removal must be filed within 30 days after defendant receives the initial pleading or other filing demonstrating that the case is removable. In any event, the federal question defendant alleges does not arise on the face of plaintiff's complaint and thus the case is not one "arising under" federal law pursuant to 28 U.S.C. § 1331. *See Louisville & Nashville R.R.*

*Co. v. Mottley,* 211 U.S. 149, 153–54, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Accordingly, for all these reasons, the removal is improper and the case must be remanded.

### IV.

For the reasons stated and for good cause,

It is hereby **ORDERED** that plaintiff's motion to remand (Doc. 2) is **GRANTED** and, accordingly, it is **ORDERED** that this matter be remanded to the Circuit Court for the City of Alexandria.

Ordinarily, remand orders are not appealable. *See* 28 U.S.C. § 1447(d); *In re Norfolk S. Ry. Co.,* 756 F.3d 282, 287 (4th Cir.2014). Yet no Fourth Circuit decision deals squarely with whether a remand order issued in the face of the automatic stay provision is appealable. Accordingly, should defendant wish to attempt an appeal in the face of Section 1447(d), he must file a written notice of appeal with the Clerk's Office within thirty (30) days after entry of this Order, pursuant to Rules 3 and 4, Fed. R.App. P. No opinion is expressed as to the appealability of this Order.

The Clerk is directed to send a copy of this Order to defendant and all counsel of record.