**Dale Edwin SANDERS, Plaintiff,**

v.

**Stephen R. FARINA, Defendant.**

**Case No. 1:16-cv-617**

United States District Court,
E.D. Virginia,
**Alexandria Division.**

Signed July 6, 2016

---

John J. O'Donnell, Jr., Alexandria, VA, for Plaintiff.

Stephen R. Farina, Arlington, VA, pro se.

## ORDER

T.S. Ellis, III, United States District Judge

At issue post-remand in this matter is whether Rule 11, Fed. R. Civ. P., sanctions should be imposed against the *pro se* defendant following a trilogy of unsuccessful and baseless attempts to remove a state court breach-of-contract dispute to federal court.

### I.

Plaintiff is an attorney residing in the District of Columbia. Defendant is a resident of Virginia. Their dispute arises out of a legal services agreement (the "Agreement") entered into on January 23, 2013, in which plaintiff agreed to represent defendant in a legal action against defendant's employer for alleged violations of the District of Columbia Human Rights Act, D.C. Code § 2–1402.21.

On August 19, 2013, plaintiff filed an action against defendant in the Circuit Court for the City of Alexandria, Virginia ("state circuit court") alleging that defendant breached the Agreement by failing to pay plaintiff for legal services rendered and costs advanced. On February 26, 2014,

the *pro se* defendant removed the breach-of-contract action to federal court on the basis of diversity jurisdiction. Plaintiff promptly filed a motion to remand the action to the state circuit court, and on March 14, 2014, an Order issued granting plaintiff's motion to remand on the following grounds: (i) that under 28 U.S.C. § 1441(b)(2), defendant's status as a Virginia resident precluded removal to a federal court in Virginia on the basis of diversity jurisdiction,[1] and (ii) that defendant's notice of removal was untimely. *See Sanders v. Farina*, No. 1:14–cv–214 (E.D.Va. March 14, 2014) (Order) (Doc. 12). No Rule 11 sanction or a 28 U.S.C. § 1447(c) fee award was sought in connection with this first removal attempt.

Thereafter, on September 12, 2014, approximately two weeks before trial was scheduled to begin on the breach-of-contract action in the state circuit court, defendant once again sought to remove this state action to federal court, and once again, plaintiff filed a motion to remand. Shortly before the scheduled hearing on that motion, defendant filed for Chapter 7 bankruptcy protection.[2] Defendant then argued that as a result of the bankruptcy filing, plaintiff's motion to remand could not be heard in federal district court. On November 18, 2014, an Order issued (i) rejecting defendant's argument that the bankruptcy proceeding barred a ruling on plaintiff's second motion to remand,[3] and

---

1. In this regard, § 1441(b)(2) expressly provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

2. The Chapter 7 proceeding was later converted to a Chapter 13 bankruptcy proceeding. *See In re Stephen Richard Farina*, No. 14–14135 (Bankr.E.D.Va. Apr. 15, 2015) (Order). Thereafter, on December 1, 2015, the bankruptcy court granted defendant's voluntary motion to dismiss the Chapter 13 proceeding

without prejudice; importantly, this Order also imposed, *inter alia*, the condition that "any state court proceedings currently pending between Debtor [defendant] and [plaintiff] ... shall not be stayed by 11 U.S.C. § 362 upon the commencement of any future bankruptcy cases filed by [defendant], unless judgment has been issued in such court proceedings." *In re Stephen Richard Farina*, No. 14–14135 (Bankr.E.D.Va. Dec. 1, 2015) (Order).

3. Specifically, the November 18, 2014 Order explained that although the Fourth Circuit has not squarely addressed the issue, federal

(ii) granting the motion to remand because there was no sound legal basis for removal. *Sanders v. Farina*, 67 F.Supp.3d 727 (E.D.Va.2014) (Order) (Doc. 11).

Thereafter, on December 22, 2015, plaintiff filed a motion for actual expenses, including attorney's fees, pursuant to § 1447(c). In the course of oral argument on plaintiff's § 1447(c) motion before the magistrate judge, plaintiff's counsel argued that an award of attorney's fees stemming from the second removal attempt was warranted because defendant's meritless removal attempt was the second of two removal attempts, both of which were entirely without basis in law. Specifically, defendant's first removal attempt was based on a theory of removal clearly barred by § 1441(b)(2), and defendant's second removal attempt was based on a purported right to a jury trial. Defendant's claim to a right to a jury trial in a state law contract dispute was not a basis for removal to federal court, and defendant's claim to the contrary was frivolous. This is so because, as the November 18, 2014 Order made clear, the purported federal question defendant alleged—a right to a jury trial—was not a part of plaintiff's well-pleaded complaint, and therefore the case was not one "arising under" federal law pursuant to 28 U.S.C. § 1331. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 153–54, 29 S.Ct. 42, 53 L.Ed. 126 (1908) (holding that federal question jurisdiction exists only when a federal question is necessarily raised on the face of a well-pleaded complaint). Thus, the magistrate judge concluded that it was appropriate to award plaintiff attorney's fees related to the second improper removal attempt pursuant to § 1447(c),[4] and accordingly, on January 22, 2016, the magistrate judge issued an Order granting plaintiff's § 1447(c) motion for actual expenses, including attorney's fees, with respect to the second removal attempt. *Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. Jan. 22, 2016) (Order) (Doc. 19).

Thereafter, defendant filed an objection to the Order granting plaintiff's § 1447(c) motion, and on February 17, 2016, an Order issued overruling defendant's objection to the award of attorney's fees and adopting the magistrate judge's ruling awarding attorney's fees pursuant to 28 U.S.C. § 1447(c). *Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. Feb. 17, 2016) (Order) (Doc. 24). The Order also remanded the matter to the magistrate judge "for a prompt hearing on the appropriate amount of attorney's fees to be awarded and for entry of a final order." *Id.* Accordingly, plaintiff filed a motion to determine the proper amount of attorney's fees to be awarded. Plaintiff contended that attorney's fees for the 21.06 hours claimed should be awarded at a rate of $350/hour, whereas defendant contended that attorney's fee for those hours should be awarded at a rate of $150/

---

courts in this circuit and elsewhere have been virtually unanimous in finding that § 362 does not prevent remand of an improperly removed action because remand "is not a prohibited 'continuation' of the action under § 362." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed.Appx. 62, 63 n. 1 (9th Cir.2011); *see also Ward v. Reinheimer*, No. WMN–13–3174, 2014 WL 346646, at *1 (D.Md. Jan. 28, 2014) (holding that remand does not violate the automatic stay provision); *Schaffer v. Atlantic Broad., of Lindwood NJ Ltd. Liab. Co.*, No. 10–5449, 2011 WL 1884734, at *4 (D.N.J. May 17, 2011) (same);

*Evans v. Anderson*, No. C 09–5227, 2010 WL 118398, at *1 (N.D.Cal. Jan. 7, 2010) (same); *Hudgens v. Deer Valley Home Builders, Inc.*, No. 1:09–417, 2009 WL 2878052, at *2 (W.D.La. Sept. 4, 2009) (same).

4. In reaching this conclusion, the magistrate judge noted that prior to the second removal attempt, the state circuit court judge had ruled that defendant was not entitled to a jury trial because defendant had waived that right. Nonetheless, defendant proceeded to file a second notice of removal in federal court.

hour, based on the hourly rate plaintiff had previously charged defendant for legal services. Ultimately, the magistrate judge concluded that it was appropriate to award attorney's fees at the $150/hour rate, in part because during oral argument, plaintiff's counsel agreed that for purposes of the attorney's fee award, he would "live with it [the $150/hour rate]." *Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. April 20, 2016) (Doc. 47) (Transcript of April 1, 2016 Hearing). The magistrate judge also found it appropriate to award plaintiff $166.75 in other expenses to reimburse plaintiff for the cost of a deposition transcription. *Id.* at 18-19. To this end, the magistrate judge issued an Order granting in part and denying in part plaintiff's motion for attorney's fees and costs pursuant to § 1447(c),[5] and directing defendant to reimburse plaintiff for attorney's fees in the amount of $3,159.00 and costs in the amount of $166.75. *Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. April 1, 2016) (Order) (Doc. 43).

Thereafter, defendant filed an objection to the magistrate judge's April 1, 2016 Order, and on April 21, 2016, a Memorandum Opinion and Order issued overruling defendant's objection and adopting the reasoning of the magistrate judge. *Sanders v. Farina*, No. 1:14–cv–1214, 183 F.Supp.3d 762, 2016 WL 1633212 (E.D.Va. April 21, 2016) (Order) (Doc. 49).[6] Accordingly, the Order directed defendant to reimburse plaintiff for actual expenses in the amount of $3,325.75—$3,159.00 in attor-

ney's fees and $166.75 in other expenses—pursuant to § 1447(c). *Id.*[7]

Shortly thereafter, on May 11, 2016, defendant filed a motion, pursuant to Rule 60, Fed. R. Civ. P., for relief from the April 21, 2016 Order awarding plaintiff $3,325.75 in fees and costs on the ground that plaintiff's counsel committed fraud on the court. The matter was briefed and argued orally, and on May 20, 2016, an Order issued denying defendant's Rule 60 motion. *Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. May 20, 2016) (Order) (Doc. 58). Importantly, the May 20, 2016 Order noted that "[i]f defendant persists in filing motions and objections, and it appears that those motions or objections are presented 'for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation,' . . . it will be appropriate to impose a sanction on defendant pursuant to Rule 11(c)." *Id.* (quoting Rule 11(b)(1), Fed. R. Civ. P.).

Shortly thereafter, on June 3, 2016, just three days before the breach-of-contract trial was scheduled to commence in the state circuit court, defendant, for the third time, removed the state circuit court action to federal court. This time, defendant contended that removal was appropriate because the state law dispute became removable on the basis of "arising under" jurisdiction pursuant to § 1331 on May 9, 2016, when defendant received a letter from the state circuit court administrator regarding defendant's request for oral argument on defendant's motion to continue

---

5. Specifically, plaintiff's § 1447(c) motion was granted insofar as plaintiff was awarded attorney's fees at a rate of $150/hour, and the motion was denied insofar as attorney's fees were not awarded at the $350/hour rate proposed by plaintiff.

6. *See also Sanders v. Farina*, 183 F.Supp.3d 762, 765-68, No. 14–cv–1214, 2016 WL 1633212, at *3–5 (E.D.Va. April 21, 2016).

7. As plaintiff noted in the Praecipe dated July 1, 2016, defendant has not satisfied the Order to pay plaintiff actual expenses, including attorney's fees, pursuant to § 1447(c) because that Order is pending appeal.

the trial pending interlocutory appeal of the state circuit court's Order denying defendant's motion to compel arbitration. Specifically, the state circuit court administrator advised both parties by letter (i) that there were "no dates available for a motions hearing before the trial of this action on June 6, 2016," (ii) that "[t]he trial has been scheduled since December 10, 2015, and all parties have had adequate notice of the trial," and (iii) that "[i]f you would like to present oral argument on motions before the trial begins on June 6, [the state circuit court judge] will make time available to hear the motions at that time, after notice," but "[b]efore then, the trial will not be continued unless both parties consent to the continuance." *Sanders v. Farina*, No. 1:16–cv–617, ¶ 5 (E.D.Va. June 3, 2016) (Notice of Removal, Ex. 1, May 9, 2016 Letter) (Doc. 1). Defendant contended that the state circuit court's refusal to allow oral argument on defendant's motion to continue the trial prior to the morning of June 6, 2016, the date on which trial was scheduled to commence, created a federal claim insofar as the state circuit court violated "[d]efendant's right to fully litigate his right to arbitration" and "[d]efendant's right to due process under the [Fourteenth] Amendment." *Sanders v. Farina*, No. 1:16–cv–617, ¶ 5

(E.D.Va. June 3, 2016) (Notice of Removal) (Doc. 1).

Shortly thereafter, on June 7, 2016, an Order issued remanding the case to the state circuit court because there was no legal basis for removal; indeed, the removal attempt was frivolous. *Sanders v. Farina*, No. 1:16–cv–617 (E.D.Va. June 7, 2016) (Order) (Doc. 3). Specifically, defendant's third removal attempt failed because it was premised on a federal defense to plaintiff's state law cause of action, which is not a basis for removal jurisdiction under the well-pleaded complaint rule. *See Mottley*, 211 U.S. at 153–54, 29 S.Ct. 42.[8]

The June 7, 2016 Order also directed defendant to show cause why a Rule 11 sanction should not be imposed against him. In this regard, the Order explained that because "defendant has *thrice* frivolously removed this state circuit court action, it is not enough simply to remand this matter to the state circuit court," as "[r]epeated frivolous filings have consequences." *Sanders v. Farina*, No. 1:16–cv–617, at 7 (E.D.Va. June 7, 2016) (Order). Moreover, the Order stated:

> After defendant's second frivolous removal attempt, plaintiff was awarded

---

8. In this regard, the June 7, 2016 Order stated:

> Here, plaintiff's complaint simply alleges a state law breach-of-contract action, and defendant's purported basis for federal jurisdiction is that the state circuit court denied him due process under the Fourteenth Amendment by declining to allow oral argument on defendant's motion to continue the trial prior to the morning on which trial was scheduled to commence. This contention, charitably construed, is either a defense against plaintiff's breach-of-contract claim, which is not a basis for removal under *Mottley*, or it is simply a contention that the state court erred in declining to allow oral argument on defendant's motion to continue the trial prior to the morning

on which trial was set to commence. This issue may be appealable in state court, but it is not a basis for removal to federal court. In this regard, it is worth reiterating a point made to defendant in the May 20, 2016 Order denying defendant's Rule 60 motion, namely that "[a] removal action, unlike an appeal, is not a proper means of error correction." *Sanders v. Farina*, No. 1:14–cv–1214, at 3 n. 4 (May 20, 2016) (Order) (Doc. 58).

*Sanders v. Farina*, No. 1:16–cv–617, at 6–7 (E.D.Va. June 7, 2016) (Order). After filing a notice of removal, defendant also filed a motion to dismiss, and this motion to dismiss was denied as moot because the matter was remanded to the state circuit court. *Id.*

fees pursuant to § 1447(c), and at the conclusion of the § 1447(c) fee award litigation—after defendant had filed six unsuccessful objections to the § 1447(c) fee award—defendant was put on notice that Rule 11 sanctions could be imposed against him, a *pro se* litigant, if he continued to submit frivolous filings or continued to submit filings "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Rule 11(b)(1). As defendant has submitted yet another frivolous filing, it is now appropriate to require defendant to show cause why Rule 11(c) sanctions should not be imposed against defendant.

Not only has defendant filed three frivolous notices of removal, two of defendant's removal attempts occurred when trial in the state circuit court was imminent. In this regard, it appears defendant erroneously considers removal to federal court to be a means of avoiding trial in state court. Thus, it appears defendant's repeated notices of removal were filed for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Rule 11(b)(1). Accordingly, a Rule 11(c) sanction against defendant appears appropriate here.

Thus, pursuant to Rule 11(c)(3), it is appropriate to require defendant to show cause why his repeated frivolous removal notices do not amount to violations of Rule 11(b) that warrant monetary sanctions. Defendant is further strongly advised that he should retain counsel to assist his efforts to show cause why sanctions should not be imposed, as Rule 11 sanctions are serious. Indeed, Rule 11 monetary sanctions, if not paid, could result in defendant being held in contempt of court, which may ultimately result in a period of incarceration.

*Id.*

Thereafter, defendant filed a voluntary petition in bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, and shortly thereafter, claimed that the automatic stay provision set forth in 11 U.S.C. § 362(a) operated to stay the Rule 11 proceedings. Yet, as the Order dated June 20, 2016 made clear, § 362(a) does not apply where, as here, the pending proceedings are for the purpose of determining whether it is appropriate to impose sanctions under Rule 11 because such proceedings fall within the exception to the automatic stay provision set forth in 11 U.S.C. § 362(b)(4), which exempts from the automatic stay provision actions brought pursuant to the governmental police or regulatory powers, such as a court's power to impose sanctions for litigation misconduct. *See Sanders v. Farina*, No. 1:16–cv–617 (E.D.Va. June 20, 2016) (Order) (Doc. 7). Accordingly, defendant was required to show cause by July 1, 2016, why Rule 11 sanctions should not be imposed. *Sanders v. Farina*, No. 1:16–cv–617 (E.D.Va. June 20, 2016) (Order) (Doc. 7).

On June 27, 2016, defendant filed a response to the Order directing defendant to show cause why Rule 11 sanctions should not be imposed contending (i) that no sanctions are appropriate because defendant made a reasonable investigation of the factual and legal bases for each of his failed removal attempts, and (ii) that if sanctions are appropriate, it is appropriate to limit the imposition of sanctions to a pre-filing injunction against defendant with respect to future filings in this matter.

## II.

Before addressing whether it is appropriate to impose Rule 11, Fed. R. Civ. P.,

sanctions against defendant, it is worth explaining in more detail why proceedings regarding the imposition of Rule 11 sanctions are not automatically stayed pursuant to § 362.

Although the Fourth Circuit has not addressed the issue in a published opinion, it has addressed the issue in an unpublished opinion. *See Bast v. Glasberg*, 91 F.3d 128, 1996 WL389482 (4th Cir.1996) (unpublished). There, the Fourth Circuit concluded that the automatic stay provision set forth in § 362(a) did not apply to the imposition of Rule 11 sanctions. *Id.* In reaching this conclusion, the Fourth Circuit cited with approval a Seventh Circuit decision, in which Judge Posner, for a unanimous Seventh Circuit panel, held that § 362(a) does not apply to proceedings regarding the imposition of sanctions under Rule 11 because such proceedings are "exempt from the automatic stay provision, pursuant to 11 U.S.C. § 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory powers." *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir.1993) (Posner, J.). Specifically, the Seventh Circuit concluded that the imposition of a Rule 11 monetary sanction was covered by the § 362(b)(4) exception because the order imposing the monetary sanction was "meted out by a government unit, the court," for the purpose of deterring misconduct. *Id.* In this regard, as the Seventh Circuit in *Alpern* correctly noted, a contrary result would allow "[a] litigant ... to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy," which would "not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by ... individuals teetering on the edge of the bankruptcy abyss." *Id.*

After the Seventh Circuit's decision in *Alpern*, several other circuits—including the Fourth Circuit's unpublished opinion in *Bast*—adopted the rationale of *Alpern* to reach the same conclusion that the automatic stay provision does not preclude the imposition of sanctions as a result of an attorney or party's misconduct before a court.[9] For example, in *In re Berg*, 230 F.3d 1165 (9th Cir.2000), the Ninth Circuit held that a monetary sanction could be imposed against, and collected from, a debtor because sanctions for misconduct—there, an attorney's misconduct—are not subject to the automatic stay because the imposition and collection of monetary sanctions fall within the § 362(b)(4) exception. *Id.* at 1168 (citing *Alpern*, 11 F.3d at 690). In reaching this conclusion, the Ninth Circuit applied two tests—the "pecuniary purpose" test and the "public policy" test—to determine whether the § 362(b)(4) exemption applied to monetary sanctions against a debtor. *Id.* at 1167. As the Ninth Circuit explained:

> Under the pecuniary purpose test, the court determines whether the government action relates primarily to the protection of the government's pecuniary interest in the debtor's property or to matters of public safety and welfare. If the government action is solely to advance a pecuniary interest of the governmental unit, the stay will be imposed. The public policy test distinguishes between government actions that effectuate public policy and those that adjudicate private rights.

*Id.* at 1167 (quoting *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997)); *see also* COLLIER ON BANKRUPTCY § 362.05[5][a] (16th ed. 2010) (citing with approval the tests set forth in *In re Berg*). Applying these tests to the imposition of

---

9. *See, e.g., In re Berg*, 230 F.3d 1165, 1168 (9th Cir.2000); *United States v. Coulton*, 594

Fed.Appx. 563, 566–67 (11th Cir.2014).

monetary sanctions for misconduct, the Ninth Circuit determined that both tests pointed persuasively to the conclusion that the § 362(b)(4) exception applied because the imposition of sanctions for misconduct before a court does not advance a pecuniary governmental interest in the debtor's property or the adjudication of private rights, but instead advances an important public policy concern, namely the deterrence of litigation misconduct. *See Berg*, 230 F.3d at 1167–68.

These precedents firmly support the conclusion that proceedings to determine whether Rule 11 sanctions should be imposed—and the imposition and collection of such sanctions—fall within the § 362(b)(4) exception to the automatic stay provision because a governmental unit, namely the court, imposes Rule 11 sanctions for the purpose of advancing a matter of public policy, namely the deterrence of attorney and party misconduct.

### III.

Under Rule 11, a court may impose sanctions upon an attorney, law firm or party that files a pleading or motion (i) that is presented for an improper purpose, (ii) that is not warranted by existing law or a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law, (iii) that lacks existing or likely prospective evidentiary support, or (iv) that contains denials not warranted by the evidence, belief, or lack of information. Rule 11(b), Fed. R. Civ. P. Importantly, Rule 11 applies both to *pro se* parties and parties represented by counsel. *See* Rule 11, Fed. R. Civ. P., advisory committee's note (explaining that

Rule 11 "appl[ies] to anyone who signs a pleading, motion, or other paper" and that "the standard is the same for unrepresented parties, who are obliged to sign the pleadings," although "a court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations").[10] Here, Rule 11 sanctions are appropriate because (i) defendant filed his third removal attempt for an improper purpose, and (ii) defendant's third removal attempt was frivolous and not warranted by existing law.

With respect to the first ground for Rule 11 sanctions—whether a party has filed a motion for an improper purpose—the Fourth Circuit has made clear that "a district court must judge the conduct of [the filing party] under an objective standard of reasonableness rather than assessing subjective intent." *In re Kunstler*, 914 F.2d 505, 518 (4th Cir.1990). Importantly, "[c]ircumstantial facts surrounding the filing may also be considered as evidence of the [party's] purpose." *Id.* at 519.

■ Here, the circumstances of defendant's third removal attempt clearly evince an improper purpose. Specifically, on June 3, 2016, only three days before the breach-of-contract trial was scheduled to commence in state circuit court, defendant removed the case to federal court for a third time. This was not the first time defendant had removed the state circuit court action to federal court at such a late hour. Indeed, defendant's second removal attempt occurred approximately two weeks before trial in state circuit court was scheduled to commence.[11] Taken together, these elev-

---

10. *See also Field v. GMAC LLC*, No. 2:08cv294, 2009 WL 6560222, at *2 (E.D.Va. Jan. 30, 2009); *Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D.Va.1993) (citing *Business Guides v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991)).

11. On this occasion, defendant also filed for Chapter 7 bankruptcy protection and then argued that as a result, plaintiff's motion to remand could not be heard in federal district court. On November 18, 2014, an Order issued (i) rejecting defendant's argument that the bankruptcy proceeding barred a ruling on plaintiff's motion to remand and (ii) granting

enth hour removal actions strongly suggest that defendant removed this case from state circuit court for the purpose of delaying—and perhaps even avoiding—trial in state circuit court. Moreover, with respect to defendant's third removal attempt, defendant removed the state circuit court action to federal court despite the May 20, 2016 Order's clear warning that any future filings or motions presented for any improper purposes, such as to cause unnecessary delay, would warrant sanctions pursuant to Rule 11(c). *See Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. May 20, 2016) (Order) (Doc. 58).

 With respect to the second ground for Rule 11 sanctions—whether the filing was frivolous and not warranted by existing law—a court must determine whether the party filing the motion or pleading conducted an objectively reasonable investigation of the factual and legal basis for his claim before filing. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir.1991). Here, the defendant has thrice removed this case with no basis in law. To begin with, on February 26, 2014, defendant removed the breach-of-contract action to federal court on the basis of diversity jurisdiction, but as the March 3, 2014 Order remanding the case to state circuit court explained, defendant's removal attempt failed because (i) defendant's status as a Virginia resident precluded removal to a federal court in Virginia on the basis of diversity jurisdiction, and (ii) defendant's notice of removal was untimely. *Sanders v. Farina*, No. 1:14–cv–214 (E.D.Va. March 3, 2014) (Order) (Doc. 12). Although this first removal attempt clearly had no basis in law, Rule 11 sanctions were not then imposed, as they were

not appropriate in light of defendant's *pro se* status.

Thereafter, defendant attempted to remove the state circuit court case a second time—this time on the ground that the state circuit court's denial of a jury trial was a violation of defendant's Seventh Amendment right. An Order issued on November 18, 2014 remanding the case to the state circuit court. That Order (i) explained to defendant that the purported federal question defendant alleged—a right to a jury trial—was not a part of plaintiff's well-pleaded complaint, and therefore the case was not one "arising under" federal law pursuant to 28 U.S.C. § 1331, and (ii) cited *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. at 153–54, 29 S.Ct. 42, the leading Supreme Court case explaining the well-pleaded complaint rule. After the case was remanded a second time, both following frivolous removal attempts, plaintiff was awarded actual expenses, including attorney's fees, related to the second improper removal attempt pursuant to § 1447(c). This award of actual expenses put defendant on notice that his filings had no basis in law. Defendant filed several motions and objections to orders related to the award of actual expenses, including attorney's fees, pursuant to § 1447(c), and these motions and objections were squarely rejected by a series of orders.[12] As already noted, the last of these orders rejected defendant's objections to an award of actual expenses, including attorney's fees, pursuant to § 1447(c) and made clear that any additional filings that were frivolous or made for an improper purpose could result in Rule 11 sanctions. *See Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. May 20, 2016) (Order) (Doc. 58).

---

the motion to remand because there was no sound legal basis for removal. *Sanders v. Farina*, 67 F.Supp.3d 727 (E.D.Va.2014) (Order) (Doc. 11).

12. *See, e.g., See Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. Feb. 17, 2016) (Order) (Doc. 24); *Sanders v. Farina*, No. 1:14–cv–1214 (E.D.Va. May 20, 2016) (Order) (Doc. 58).

On June 3, 2016, just three days before the breach-of-contract trial was scheduled to commence in the state circuit court, defendant completed the trilogy of unsuccessful removal attempts. As with the first two attempts, defendant's third removal attempt had no basis in law and was frivolous. Accordingly, on June 7, 2016, an Order issued remanding the case to the state circuit court because there was no sound legal basis for removal. Specifically, defendant's third removal attempt failed because it was premised on a federal defense to plaintiff's state law cause of action, which is not a basis for removal jurisdiction under the well-pleaded complaint rule set forth in *Mottley*, 211 U.S. at 153–54, 29 S.Ct. 42, which had been cited and explained in the November 18, 2014 Order remanding the case to the state circuit court after defendant's second frivolous removal attempt.

In light of this history, it is clear that defendant did not conduct an objectively reasonable investigation of the factual and legal grounds for his claim before filing his third removal attempt, and therefore Rule 11 sanctions are warranted on this ground. *See Brubaker*, 943 F.2d at 1373.

In opposition to the conclusion reached here, defendant contends that he conducted a reasonable investigation before all three of his attempts to remove the case to federal court. In support of this contention, defendant points to exhibits reflecting two conversations defendant had with purported legal experts on an online message board called "Just Answer." The first of these conversations occurred on February 9, 2014, prior to defendant's first unsuccessful removal attempt, when defendant communicated via Just Answer with an individual using the name "Law Edu-

cator, Esq." *Sanders v. Farina*, No. 1:16–cv–617 (E.D.Va. June 27, 2016) (Def. Response, Ex. 1, Feb. 9, 2014 Just Answer Conversation) (Doc. 8). Defendant asked this individual questions regarding removal jurisdiction and noted that plaintiff and defendant are residents of different states. *See id.* In response, "Law Educator, Esq." provided only general information about the requirements for diversity jurisdiction, such as the diversity requirement and the amount in controversy requirement. *Id.* Notably, defendant did not disclose to "Law Educator, Esq." that defendant was a resident of the forum state, which of course precluded defendant from removing the state court action to a federal court in that state pursuant to § 1441(b)(2) (providing that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").[13]

Defendant's second so-called reasonable effort to investigate is similarly flawed. Specifically, the second Just Answer conversation occurred on March 21, 2016, during the litigation regarding whether § 1447(c) attorney's fees were appropriate in light of defendant's second frivolous removal attempt. Specifically, defendant communicated via Just Answer with an individual named "Ray" who purported to be a lawyer. Ray explained in general terms how § 1447(c) operated and speculated, again on the basis of only the limited facts provided by defendant, as to whether attorney's fees might be awarded to plaintiff. *See Sanders v. Farina*, No. 1:16–cv–617 (E.D.Va. June 27, 2016) (Def. Response, Ex. 2, March 21, 2016 Just An-

---

13. It is worth noting that simply by reading the text of § 1441 even a non-lawyer would have realized that removal by defendant, a Virginia resident, on the basis of diversity jurisdiction was precluded. Notably, there is no indication that defendant read § 1441 prior to filing his first baseless notice of removal.

swer Conversation) (Doc. 8). This hardly constitutes a reasonable investigation; nor is it in any way relevant to defendant's third baseless removal attempt.

In sum, contrary to defendant's contention, neither of these conversations support the conclusion that defendant conducted a reasonable investigation with respect to the legal and factual grounds for defendant's third removal attempt. This is so because (i) the so-called legal experts were not lawyers offering legal advice specific to defendant's case,[14] and (ii) the conversations do not reflect that defendant took any steps to determine whether there were legal and factual grounds for defendant's third removal attempt, which is the basis for the imposition of Rule 11 sanctions here. Indeed, the Just Answer conversations are wholly irrelevant to the question whether defendant conducted a reasonable investigation before his third unsuccessful removal attempt.

In sum, it is appropriate to impose Rule 11 sanctions against defendant as result of his third unsuccessful removal attempt because that removal attempt (i) was made with an improper purpose, and (ii) was frivolous and not warranted by existing law.

## IV.

■ It remains to be determined what sanctions are appropriate here. In this regard, "district courts have ... discretion to tailor a [Rule 11] sanction so that it fits the nature and severity of the violation of the rule." 5A Wright & Miller, Federal Practice and Procedure § 1336.3 (3d ed. 2004) (citing numerous courts). Importantly, however, the "sanction[s] imposed 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.' " *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1008 (4th Cir.2014) (quoting Rule 11(c)(4), Fed. R. Civ. P.).

■ Defendant contends that the only appropriate sanction is an injunction prohibiting the filing of future removals and other filings related to this matter without pre-approval. Defendant is correct that a pre-filing clearance injunction is appropriate here.[15] Specifically, it is appropriate to enjoin defendant from submitting any additional filings pursuant to §§ 28 U.S.C. 1441, 1446, in federal court or in the state circuit court, with respect to the underlying state-court breach-of-contract action without first obtaining approval to do so from this Court. It is further appropriate to enjoin defendant from filing any additional motions, objections, or any other pleadings in this matter or in Case No. 1:14-cv-1214 without first obtaining approval from this Court.

Although a pre-filing clearance injunction is appropriate here, defendant's suggestion that no other sanction is necessary is misguided because the injunctive sanction is not sufficient here to deter defendant's misconduct. Indeed, it is also appropriate to impose a monetary sanction against defendant in order (i) to sanction defendant for his repeated frivolous actions, which were undertaken with the im-

---

14. In this regard, it is worth noting that the conversation with "Law Educator, Esq." includes the following disclaimer: "[t]his is NOT the practice of law nor is it legal advice to you, it is merely educational information for you to use to seek out a licensed attorney in your state to get actual legal advice from them...." *Sanders v. Farina*, No. 1:16–cv–617 (E.D.Va. June 27, 2016) (Def. Response, Ex. 1, Feb. 9, 2014 Just Answer Conversation) (Doc. 8).

15. This sanction may be imposed pursuant to Rule 11, as well as the All Writs Act, 28 U.S.C. § 1651(a). *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–21 (4th Cir. 2004).

proper purpose of delaying state circuit court proceedings, and (ii) to deter defendant from filing future frivolous pleadings or motions that are made for an improper purpose. In this regard, the Fourth Circuit has explained that in determining the appropriate amount of a monetary sanction, a district court should expressly consider (i) "the minimum [necessary] to deter," (ii) "the ability to pay[,]" and (iii) "factors related to the severity of the Rule 11 violation." *See Brubaker*, 943 F.2d at 1373.[16] These factors point persuasively to the conclusion that a $500 monetary sanction is appropriate here. A lower figure would not sufficiently deter defendant from future frivolous filings for an improper purpose; nor would it sufficiently address the severity of defendant's Rule 11 violations.

In sum, it is appropriate to impose the following Rule 11 sanctions against defendant: (i) a pre-filing clearance injunction, and (ii) a monetary sanction in the amount of $500.

## V.

Accordingly, for the reasons stated here, and for good cause,

It is hereby **ORDERED** that pursuant to Rule 11, Fed. R. Civ. P., a monetary sanction is **IMPOSED** against defendant in the amount of $500.00.

It is further **ORDERED** that defendant is **DIRECTED** to pay this monetary sanction to the Clerk by 5:00 p.m., Monday, August 8, 2016. Failure to do so could result in significantly greater monetary sanctions or incarceration.

It is further **ORDERED** that defendant is **ENJOINED** from (i) filing any additional motions, objections, or any other pleadings in this matter or in Case No. 1:14-cv-1214 without first obtaining approval from this Court, unless the Court orders otherwise, and (ii) filing any additional pleadings pursuant to §§ 28 U.S.C. 1441, 1446, either in the state circuit court or in federal court, with respect to the underlying state-court breach-of-contract action without first obtaining approval to do so from this Court.

If defendant violates this injunction or makes additional filings that are frivolous or made for an improper purpose, significantly more severe monetary sanctions will be imposed. Failure to pay these monetary sanctions could result in incarceration.

This is a final Order from which defendant may seek appeal to the United States Court of Appeals for the Fourth Circuit. To appeal this Order, defendant must file a written notice of appeal with the Clerk of this Court within thirty (30) days of the date of this Order, per Rule 4(a)(1)(A), Fed. R. App. P. A written notice of appeal is a short statement of defendant's desire to appeal that notes the date of the Order defendant wishes to appeal. Defendant does not need to explain the grounds for his appeal until directed by the Court.

The Clerk is directed to send a copy of this Order to the *pro se* defendant and to all counsel of record.

---

**16.** The Fourth Circuit has also explained that a district court should, when relevant, consider "the reasonableness of the opposing party's attorney's fees." *Id.* As the monetary sanctions imposed here are to be paid to the court—not the opposing party—this factor need not be addressed here.